UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | No. 3:19-cv-00977 |
| v. | |
| **$191,222.00 UNITED STATES CURRENCY,** | |
| Defendant. | |

# MEMORANDUM OPINION AND ORDER

In this action in rem, Plaintiff, the United States of America seeks civil forfeiture of $191,222.00 of United States currency that was seized during a traffic stop and subsequent search of a van and camper. (Doc. No. 1.) Claimant Mary Avery has made a claim to a portion of the defendant funds. (Doc. No. 4.) The United States has filed a motion for partial summary judgment with respect to Avery's claim, supported by a memorandum of law and statement of undisputed material facts. (Doc. Nos. 5–7.) Avery has filed a response and several exhibits (Doc. Nos. 30–30-4) and the United States has replied (Doc. No. 32). For the reasons that follow, the United States' motion for summary judgment will be granted.

## I. Relevant Background[1]

On May 21, 2019, law enforcement officers from the Mt. Juliet Police Department stopped a van and camper trailer driven by Joseph Knouse in which Michelle Avery was a passenger. (Doc.

---

[1] The facts in this section are drawn from the United States' verified complaint (Doc. No. 1); the affidavit of Drug Enforcement Administration Task Force Officer Matthew Moore, which establishes the factual support for the complaint (Doc. No. 1-2); the affidavits of Mary Avery (Doc. Nos. 4, 31); the United States' statements of undisputed material fact (Doc. No. 7), and evidentiary exhibits submitted by Avery (Doc. Nos. 30-1–30-4). See El Bey v. Roop, 530 F.3d 407, 414 (6th

No. 1-2, ¶¶ 9–13.) A criminal history check revealed an outstanding warrant for Michelle Avery's arrest on drug-related charges. (Id. at ¶¶ 6–8, 12–14.) With consent from Knouse and Michelle Avery, the officers searched the van and camper. (Id. at ¶¶ 15–20.) During the search, a K-9 "alerted to the presence of the odor of narcotics on or about the [v]an and [c]amper." (Id. at ¶ 16.) Officers found "a backpack filled to the top with bundles of money wrapped in rubber-bands and placed in manila envelopes" inside the van. (Id. at ¶ 18–20.) Michelle Avery, who had given the officers a false name and date of birth, told them that she had separated the approximately $190,000 in the backpack into stacks and secured them with rubber bands. (Id. at ¶ 22.) She claimed that "some of the money was the result of deaths in the family, some was from selling drugs, . . . and $35,000 was her savings from buying and selling things[.]" (Id.)

On November 1, 2019, the United States filed a verified complaint in rem, seeking civil forfeiture of the seized $191,222.00 in United States currency under 21 U.S.C. § 881(a)(6), which authorizes forfeiture of money or other items of value "furnished or intended to be furnished by any person in exchange for a controlled substance," or otherwise traceable as proceeds of such an exchange or as "moneys . . . used or intended to be used to facilitate" a violation involving a controlled substance.

On March 11, 2020, Mary Avery, the mother of Michelle Avery, filed a claim to a portion of the defendant property, asserting

> [t]hat a portion of the "Defendant Property" belongs to Mary L. Avery and is not subject to forfeiture to the United States as stated as first-hand personal knowledge that the cash involved was a combination of (1) a portion of inheritance from her father and grandfather (2) combined with a cash/gift loan to Michelle L[.] Avery from me and (3) Michelle[ ] Avery's savings from The Fabulous Junk Trunk retail sales and basement rental of her home.

---

Cir. 2008) (holding that a verified complaint carries the same evidentiary weight as an affidavit for purposes of summary judgment).

(Doc. No. 4, ¶ 5.) Avery claims that she "furnished the cash directly to Michelle for her transportation, lodging, attorney, etc." and that "Michelle Avery paid for the [v]an and [t]railer with the cash that [Avery] loaned to her or with cash from inheritance and/or her personal savings." (Id., ¶ 21.) Avery also argues that the defendant property is not forfeitable based on her belief that the search and seizure were improper, but admits that she "ha[s] no first-hand knowledge" about the search and seizure. (Id. at ¶¶ 6–28.)

On August 26, 2020, the United States moved for summary judgment on Avery's claim, arguing that she has not shown that she has an identifiable interest in the defendant property and thus does not have statutory or Article III standing. (Doc. Nos. 5–7.) The Court extended the deadline for Avery to respond multiple times (Doc. Nos. 13, 27, 29), and, on February 26, 2021, Avery filed a response (Doc. No. 30); supporting affidavit (Doc. No. 31); and several exhibits (Doc. No. 30-1–30-4).

In her affidavit, Avery attests that she "loaned $200,000 cash to Michelle . . . during the first week of May 2019 of which $191,222 was confiscated in this case[,]" and that "the balance of the funds that [she] provided to Michelle is $190,600[.]" (Doc. No. 31, ¶¶ 12, 15.) Avery argues that she loaned Michelle Avery this cash "with the expectation that [she] would be repaid" and that "[t]he cash was from [Avery's] cash reserve fund from money [she] inherited from [her] husband, which he inherited from his parents, for [Avery's] use until [her] death, at which time the remainder, if any, would be split between [her] daughter Michelle and [her] son Matt." (Doc. No. 30, PageID# 151.) The United States replies that, even if Avery loaned the money to her daughter, she is, "at best, an unsecured lender[,]" which is insufficient to confer standing in this action. (Doc. No. 32, PageID# 258.)

3

## II. Legal Standard

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." Id. at 324 (citation omitted); see also Blizzard v. Marion Tech. Coll., 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

4

Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Barrett v. Whirlpool Corp., 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. Anderson, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. Id.

**III.     Analysis**

The United States argues that it is entitled to summary judgment as to Mary Avery's claim because she has not demonstrated that she has a sufficient interest in the defendant property to confer statutory and Article III standing. A claimant must have both Article III and statutory standing to contest a civil forfeiture. United States v. $31,000.00 in U.S. Currency, 872 F.3d 342, 348–49 (6th Cir. 2017). To have Article III standing, "a claimant must have a colorable ownership, possessory, or security interest in at least a portion of the seized property." United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 497 (6th Cir. 1998). The individual asserting a claim "customarily bears the burden of demonstrating an interest in the seized item sufficient to satisfy the court of [her] standing as a claimant." Id. at 496.

Claimants must also satisfy the statutory standing requirements of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which provide that a claim to the property "must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under [the Rules]." Supp. Fed. R. Civ. P. G(5)(a)(i). Supplemental Rule G's standing requirements are "satisfied through mere compliance with the rule." $31,000.000 in U.S. Currency, 872 F.3d at 350–51.

In her first affidavit filed with her claim to the property, Avery states that the defendant funds were "a combination of (1) a portion of inheritance from [Michelle Avery's] father and grandfather (2) combined with a cash/gift loan to Michelle L[.] Avery from [Mary Avery] and (3) Michelle[ ] Avery's savings from The Fabulous Junk Trunk retail sales and basement rental of her home." (Doc. No. 4, ¶ 5.) The United States correctly stated in its motion for summary judgment that Avery cannot claim an ownership interest in Michelle Avery's inheritance or retail income, which is Michelle Avery's property. (Doc. No. 6.) In response, Avery submitted a second affidavit stating that she loaned her daughter $213,000 from her cash reserve fund and expected repayment and that the seized defendant funds include $190,600 of the loaned cash. (Doc. No. 31, ¶¶10, 12–15.) Avery has introduced numerous exhibits, including several years of bank statements showing a series of cash withdrawals from accounts held by her late husband David Avery and transfers from David Avery's bank account to Michelle Avery's bank account. (Doc. Nos. 30-2–30-4.) Avery has not introduced any loan document, security agreement, or other evidence showing that she made a loan to Michelle Avery or establishing the terms of such a loan, nor does she claim that the purported loan was secured by collateral.

Construing the submitted evidence in the light most favorable to Mary Avery and drawing all reasonable inferences in her favor, see Barrett, 556 F.3d at 511, Avery does not have standing to pursue a claim to the defendant property. "The federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property." United States v. $20,193.39 U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994) (collecting cases); see also 18 U.S.C. § 983(d)(6)(B)(i) (excluding "a person with only a general unsecured interest in, or claim against, the property or state of another" from the definition of an owner for civil forfeiture proceedings). Although Avery now claims that she made a cash loan to her

daughter, she has not asserted or presented any facts to suggest that she retained a security interest in the loaned funds. Accordingly, the Court concludes that she is, at most, an unsecured creditor. See United States v. $10,493 in U.S. Currency, Civil Action No. 18-18-DLB-CJS, 2018 WL 5259455, *4 (E.D. Ky. Oct. 22, 2018) (finding that father, who claimed that money seized from his son was a loan, was an unsecured creditor and granting summary judgment for the United States); United States v. $26,620.00 in U.S. Currency, No. Civ.A 2:05CV50WCO, 2006 WL 949938, *6 (N.D. Ga. 2006) (same). There is no genuine question of fact that Avery has a valid interest in the defendant property sufficient to confer standing. Accordingly, the United States is entitled to judgment as a matter of law on Avery's claim to the defendant funds.

## IV. Conclusion

Based on the foregoing, the United States' motion for partial summary judgment as to the claim of Mary Avery is **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE